Diana M. Estrada (State Bar No. 212702)
diana.estrada@wilsonelser.com
Spencer Davidson (State Bar No. 281169)
spencer.davidson@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,**
  **EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071-2407
Telephone:(213) 443-5100
Facsimile: (213) 443-5101

**Attorneys for Defendant,**
**SO-CAL VALUE ADDED**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALOMON PANTOJA,<br><br>            Plaintiff,<br><br>v.<br><br>SO CAL VALUE ADDED AND DOES 1-10, INCLUSIVE,<br><br>            Defendants. | Case No.:      CV13-02723 R(RZx)<br>Action Filed:   April 18, 2013<br>Judge:        Hon. Manuel L. Real<br>Courtroom:    8<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**<br><br><br>Date:  February 3, 2014<br>Time:  10:00 a.m.<br>Room: 8<br>Honorable Manuel Real |

After consideration of the papers in support of and in opposition to defendant So-Cal value added's motion for summary judgment or alternatively, partial summary judgment, all papers filed in connection with the motion, and all other matters presented to the Court, the Court makes the following findings of uncontroverted facts and conclusions of law:

## UNCONTROVERTED FACTS

1.      The operative Complaint contains three causes of action: (1) disability discrimination, [Complaint, page 3, lines 14 - 26]; (2) age discrimination, [Complaint, page 4, lines 1 - 13]; and (3) retaliation, [Complaint, page 3, lines 16 - 28 and page 4, lines 1 - 2].

2.      On October 22, 2013, So-Cal value added served Requests for Admission upon the plaintiff, [Declaration of Diana M. Estrada (hereinafter "decl. of Estrada"), page 2, paragraph 2, and Exhibit "A," Requests for Admission, attached thereto.]

3.      Plaintiff failed to respond to the Requests for Admission [decl. of Estrada, page 2, paragraph 3.].

4.      There is no evidence to support plaintiff's first cause of action for disability discrimination [RFA No. 1 attached as Ex. A to decl. of Estrada];

5.      There are no witnesses to support plaintiff's first cause of action for disability discrimination [RFA No. 2 attached as Ex. A to decl. of Estrada];

6.      There are no documents to support plaintiff's first cause of action for disability discrimination [RFA No. 3 attached as Ex. A to decl. of Estrada];

7.      There is no evidence to support plaintiff's second cause of action for age discrimination [RFA No. 5 attached as Ex. A to decl. of Estrada];

8.      There are no witnesses to support plaintiff's second cause of action for age discrimination [RFA No. 6 attached as Ex. A to decl. of Estrada];

9.      There are no documents to support plaintiff's second cause of action for age discrimination [RFA No. 7 attached as Ex. A to decl. of Estrada];

[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

10.     There is no evidence supporting plaintiff's third cause of action for retaliation [RFA No. 8 attached as Ex. A to decl. of Estrada];

11.     There are no witnesses to support plaintiff's third cause of action for retaliation [RFA No. 9 attached as Ex. A to decl. of Estrada]; and

12.     There are no documents to support plaintiff's third cause of action for retaliation [RFA No. 10 attached as Ex. A to decl. of Estrada].

## CONCLUSIONS OF LAW

1.      Failure to timely respond to requests for admission results in automatic admission of the matters requested  pursuant to Federal Rules of Civil Procedure Rule 36(a).

2.      No motion is required to deem the requests admitted as Federal Rules of Civil Procedure Rule 36(a) is self executing.  (*Federal Trade Commission v. Medicor LLC* 217 F.Supp.2d 1048, 1053 (C.D. CA 2002); *O'Bryant v. Allstate Ins. Co.* 107 F.R.D. 45, 48 (D. CT. 1985).)

3.      Admissions made in requests for admission are binding and cannot be explained away or contradicted by other evidence, including admissions resulting from a party's failure to respond to requests for admissions.  (*United States v. Kasuboski* (7th Cir. 1987) 834 F.2d 1345, 1349; *In re Carney* (5th Cir. 2001) 258 F3d 415 421; *Castiglione v. United States Life Ins. Co. in City of NY* (D. AZ 2003) 262 F.Supp.2d 1025, 1030..)

4.      Admissions to requests for admissions can be used as evidence in motions for summary judgment.  (*American Auto Ins. Ass'n (Inc) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991.).)

5.      In analyzing claims of employment discrimination, California federal courts use the three prong shifting burden of proof approach articulated by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Under *McDonnell Douglas*, the plaintiff has the burden of establishing a *prima facie* case of discrimination.  (*Mixon v. Fair Employment and Housing*

[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
1979974.1

*Comm.* 192 Cal.App.3d 1306, 1317 (1987).)

6.      The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.  (*Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248 at 253.)

7.      Plaintiff's cause of action for disability discrimination fails because he cannot establish a *prima facie* showing of such a claim having admitted there is no evidence to support such a claim.

8.      Plaintiff's cause of action for age discrimination fails because he cannot establish a *prima facie* showing of such a claim having admitted there is no evidence to support such a claim.

9.      Plaintiff's cause of action for retaliation fails because he cannot establish a *prima facie* showing of such a claim having admitted there is no evidence to support such a claim.


Dated: February 14, 2014

_____

The Honorable Manuel L. Real
United States District Court Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] ORDER GRANTING DEFENDANT SO CAL VALUE ADDED'S MOTION FOR SUMMARY JUDGMENT

1979974.1